UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERRY FLANORY,

                Plaintiff,                Case No. 2:08-cv-108

v.                                            Honorable R. Allan Edgar

ALLEN BONN et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

## Discussion

    I.        Factual allegations

Plaintiff is presently incarcerated at the Parnall Correctional Facility, but complains of events that occurred while he was housed at the Newberry Correctional Facility (NCF). In December 2004, he was interviewed by Allen Bonn for placement in the General Equivalent Degree (GED) program. Plaintiff informed both Mr. Bonn and Robert Torp, the principal of the GED program, that he had obtained his GED through the Sarvis Educational Center many years before, and that he had since obtained an Associates Degree in General Studies from the Montcalm Community College. Neither Mr. Bonn nor Mr. Torp investigated Plaintiff's educational background, and assigned him to the GED program. Linda Tripley, the Assistant Deputy Warden at NCF, advised Plaintiff that it was his responsibility to provide documentation showing his educational achievements. On January 5, 2005, Plaintiff signed an Assignment Waiver Form to be removed from the GED program and the school roster. On January 28, 2005, Mr. Bonn placed Plaintiff on room restriction for waiving the GED program. Room restriction disqualified Plaintiff from indigent status. As a result, he was not able to purchase personal hygiene items. In response to Plaintiff's grievance concerning the situation, NCF Warden Barry Davis stated that hygiene items were available in the housing units. Plaintiff requested these items from Alma Potts, Assistant Resident Unit Supervisor, who responded that the items were not available.

In October 2005, Plaintiff met with the new principal, who contacted Montcalm Community College, verified Plaintiff's Associate Degree, and on November 10, 2005, removed Plaintiff from room restriction and added him to the work pool. After securing funds from his job assignment, Plaintiff requested his records from the Sarvis Educational Center, which he received on April 18, 2006, showing that he had earned a GED.

Plaintiff had undergone a dental examination in October 2004, which revealed no dental problems. In September 2005, Plaintiff experienced a toothache. After an examination, Plaintiff was diagnosed with peridontal disease of the gums, and one tooth was extracted.

Plaintiff brings this action against Robert Bonn, Jeffery Woods, Linda Tribley, Alma Potts, Nancy Marshall, Barry Davis, and Jim Armstrong. Plaintiff alleges that his dental health declined because he was wrongfully placed on room restriction and denied indigent status, and was not otherwise provided with dental hygiene supplies. He claims that Defendants violated the Privacy Act, 5 U.S.C. § 552a(e)(5), (g)(1)(c) and (g)(4) by failing to verify his educational credentials, which caused Defendants to place him on room restriction and deny him indigent status for approximately nine months. He further claims that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by actions that led to his gum disease. For relief, Plaintiff seeks compensatory and punitive damages

  II.  <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Privacy Act

Plaintiff's claim under the Privacy Act, 5 U.S.C. § 552 *et seq.*, that Defendants are required to maintain accurate records with respect to a prisoner's educational status has no merit. A cause of action under the Privacy Act must be against a federal agency, as specified in 5 U.S.C. § 551(1), which defines agency as "each authority of the Government of the United States." An agency of a state government, such as the Michigan Department of Corrections, is not subject to the Privacy Act. *See Schmitt v. City of Detroit*, 395 F.3d 327, 328 (6th Cir. 2005) (holding that the Privacy Act applies exclusively to federal agencies); *Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d. Cir. 2005) (concluding that there is no right of action under the Privacy Act against a municipal or state agency); *Bavido v. Apfel*, 215 F.3d 743, 747 (7th Cir. 2000) (same); *Dittman v. State of California*, 191 F.3d 1020, 1026 (9th Cir. 1999) (civil remedy provision of Privacy Act does not apply to actions against state agencies); *Windsor v. The Tennessean*, 719 F.2d 155, 159-60 (6th Cir. 1983). However, even if the Privacy Act applied to state agencies, Plaintiff could not maintain this suit against these particular Defendants, who he is suing in their individual capacities. The Privacy Act states in part that "[w]henever any agency fails to comply with any . . . provision of this section . . . in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency . . . ." 5 U.S.C. § 552a(g)(1)(D). Therefore, the right of individuals to enforce the Privacy Act is limited to actions against agencies, but does not apply to officials or employees of the agencies. *See Schmitt*, 395 F.3d at 328; *Pennyfeather*, 431 F.3d at 56; *Dittman*, 191 F.3d at 1026; *Connelly v. Comptroller of the Currency*, 875 F.2d 1209, 1215 (5th Cir. 1989); *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir. 1983); *Wren v. Harris*, 675 F.2d 1144, 1148 n.8 (10th Cir. 1982). Accordingly, I recommend that Plaintiff's claim under the Privacy Act be dismissed for failure to state a claim.

### B. Defendants Armstrong and Davis

Plaintiff alleges that Defendants Armstrong and Davis responded to and denied his grievances. Pursuant to MDOC policy, it is the responsibility of a prisoner to provide documentation verifying that he has a high school diploma or GED certificate. *See* MICH. DEP'T OF CORR., Policy Directive 05.01.112, ¶ K (effective Apr. 7, 2003). A prisoner who has refused to accept a school assignment may be reclassified as "unemployable," and is confined to his cell while other prisoners are working or going to school. *See* MICH. DEP'T OF CORR., Policy Directive 05.01.100, ¶ Y(3) (effective Jan. 1, 2001). In addition, a prisoner that has refused a school assignment may be denied indigent status. *See* MICH. DEP'T OF CORR., Policy Directive 04.02.120, ¶ B(3) (effective Jan. 1, 2007).[1] In response to Plaintiff's grievances, both Defendants Armstrong and Davis merely concluded that the other Defendants had properly followed MDOC policy.

A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.* at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that defendants could not be held liable for the plaintiff's termination from his commissary

---

[1] At the time of the relevant events, this provision was found at MICH. DEP'T OF CORR., Policy Directive 04-02-120, ¶ II(A)(3) (effective Jan. 1, 2001).

job when their only roles in the action involved the denial of administrative grievances or the failure to act).

Plaintiff has failed to allege any facts that show that either Defendant Armstrong or Defendant Davis personally engaged in any unconstitutional behavior. Because Plaintiff's claims against Defendants Armstrong and Davis are premised on nothing more than respondeat superior liability, he fails to state a claim against them. Accordingly, I recommend that the complaint against Defendant Armstrong and Defendant Davis be dismissed.

### C. Eighth Amendment

Plaintiff claims that he was denied dental hygiene supplies in violation of his Eighth Amendment rights. Because he was wrongfully placed on room restriction and denied indigent status, he was without funds to purchase dental supplies, which, in turn, resulted in his gum disease.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 542 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Id.* At 346. The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment does not mandate comfortable prison conditions, *id.* at 349, but is concerned only with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement," *id.* at 348, which includes the denial of basic hygiene needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A prisoner objecting to conditions of his confinement must satisfy both a subjective and an objective component. *See Farmer v. Brennen*, 511 U.S. 825, 834 (1994); *Hudson v.*

*McMillan*, 503 U.S. 1, 8 (1992). The subjective component requires that the defendant acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A prison official cannot be held liable unless the official acted with deliberate indifference to a prisoner's substantial risk of serious harm. *See Farmer*, 511 U.S. at 837; *Wilson*, 501 U.S. at 302-03. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 839; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoners' interests or safety"). The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837. The objective component requires that the deprivation is sufficiently grave so that the challenged condition falls beneath "the minimal civilized measure of life's necessities," as measured by a "contemporary standard of decency." *Rhodes*, 452 U.S. at 347.

      Plaintiff does not allege that his placement on room restriction, denial of prison employment or the revocation of his indigent status was done out of indifference to his hygienic needs. Policy requires that prisoners shall be provided with basic hygiene items such as soap, dental supplies, shampoo, toilet paper, deodorant, and combs and brushes. *See* MICH. DEP'T OF CORR., Policy Directive 03.03.130, ¶ C (effective Mar. 27, 2006). Accordingly, those Defendants responsible for placing Plaintiff on room restriction were not aware that he would face a risk of serious harm. Moreover, Plaintiff chose to reject his classification and forgo employment and indigent status. Had he briefly attended classes until he received his records from Sarvis Educational Center he could have avoided the situation. Thus, Plaintiff's allegations fail to satisfy the subjective component. In addition, the temporary lack of dental hygiene products due to Defendant Potts' failure to provide the requested items pursuant to policy does not satisfy the objective component.

*See, e.g., Argue v. Hofmey*, 80 F. App'x 427, 430 (6th Cir. 2003); *Brown v. Brown*, 46 F. App'x 324, 325-26 (6th Cir. Sept. 16, 2002) (any inconvenience prisoner suffered due to his inability to purchase personal hygiene and toiletry items for several months because of unlawful hold on his account did not demonstrate a condition of confinement that fell beneath the minimal civilized measure of life's necessities); *Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. Mar. 26, 2002) (prisoner who was denied indigent status because he dropped the computer class failed to state an Eighth Amendment claim arising from his inability to purchase personal hygiene products). Therefore, I recommend that Plaintiff's Eighth Amendment claim be dismissed.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

     /s/ Timothy P. Greeley  
     TIMOTHY P. GREELEY  
     UNITED STATES MAGISTRATE JUDGE

Dated: August 27, 2008

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).